THE LAW OFFICE OF MICHAEL J. D'ANIELLO
BY: JANINE D. MARTIN, ESQUIRE (307224)
509 SWEDE STREET
NORRISTOWN, PENNSYLVANIA 19401
(610) 270-8800                                                  ATTORNEYS FOR DEFENDANT

---

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG, | : |
|         Plaintiff | : |
| v. | : No. 2:22-CV-04475-MSG |
| MONTGOMERY COUNTY DEMOCRATIC COMMITTEE, | : |
| MONTCO VICTORY, | : |
|         and | : |
| JOSEPH FOSTER | : |
|         Defendants | : |

---

### DEFENDANT MCDC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant Montgomery County Democratic Committee ("MCDC"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b), hereby files this brief in support of its Motion to Dismiss the Amended Complaint filed by Plaintiff Andrew R. Perrong. According to this Court, Plaintiff "is a frequent filer of Telephone Consumer Protection Act lawsuits" such as this. *See, e.g.*, *Perrong v. South Bay Energy Corp*. No. 2:20-cv-05781-JDW, 2021 WL 1387506 (E.D. Pa. April 13, 2021). Despite his significant experience initiating TCPA lawsuits, he has failed to state a claim against MCDC here for two reasons. First, Plaintiff has failed to adequately plead that MCDC placed the calls to his phone. Second, Plaintiff has failed to adequately plead that the calls were generated from an Automatic Telephone Dialing

System, as defined by the United States Supreme Court in *Facebook v. Duguid*, 141 S.Ct. 1163 (2021), prohibited by the TCPA. Because these pleading errors cannot be remedied, Defendant MCDC respectfully requests that the Court grants its Motion and dismiss the Complaint with prejudice.

## STATEMENT OF FACTS

The Telephone Consumer Protection Act ("TCPA") prohibits individuals and entities from using Automatic Telephone Dialing Systems ("ATDS") to make certain telephone calls without the consent of the receiving party. 47 U.S.C. § 227. Plaintiff Andrew R. Perrong is an individual residing in Jenkintown, Pennsylvania, which is within Montgomery County, Pennsylvania. Plaintiff is a "professional plaintiff" chronicled in the Philadelphia Inquirer in 2018 as a "robocall avenger" who has gone through "great lengths" to pursue these lawsuits, including "[i]n one case, he scheduled an appointment through a telemarketer, ostensibly to get a home-repair estimate [and] [w]hen a repairman arrived, Perrong took his business card, sent him home, and then sued his company the next day." Christian Hetrick, *Meet the Robocall Avenger: Andrew Perrong, 21, Sues Those Pesky Callers For Cash*," Philadelphia Inquirer, Nov. 2, 2018 (available at https://www.inquirer.com/philly/business/robocall-lawsuits-verizon-citibank-andrew-perrong-20181102.html). In this Court alone, Plaintiff has filed over seventy-five lawsuits, many of which are *pro se* actions under TCPA, and he has been described as a "prolific" plaintiff who employs "a strategy of pressuring these defendants to settle independent of the merits of the case" rather than "expend funds for the retention of counsel." *Perrong v. ReWeb Real Estate LLC*, No. 19-4228, 2020 WL 4924533 (E.D.Pa. August 21, 2020).

Defendant MCDC is a Political Action Committee that supports democratic candidates in Montgomery County, Pennsylvania. Contrary to Plaintiff's allegations, Montco Victory is not an

alter ego of Defendant MCDC, Defendant MCDC did not create Montco Victory, and is not the successor-in-interest to the Montco Victory PAC. Montco Victory is a separate political action committee that has since been dissolved.

In this litigation, Plaintiff claims that in October 2019 he received three calls to his telephone number from a caller using an ATDS as prohibited by the TCPA. He alleges the telephone service provider for the number that called him is a company called Twilio. (Am. Compl. ¶¶ 35-36.) Plaintiff alleges that he did not answer the first two calls and that, upon answering the third, there was a pause and an audible click before a live caller spoke. (Am. Compl. ¶¶ 35, 39-40.) According to the Complaint, the caller was looking for "Andrew," which is Plaintiff's first name, and "was wanting to know when Plaintiff would 'fill out' and return his absentee ballot 'to vote for the Montgomery County Democrat candidates." (Am. Compl. ¶42.) Plaintiff alleges he informed the caller "he would not be voting absentee nor Democrat" and the caller "thanked Plaintiff, stated that the call was 'paid for by Montco Victory,' and terminated the call." (Am. Compl. ¶ 43.) Plaintiff alleges he was charged a "ring charge" by his telephone provider of $0.005 for the three calls and a "per-minute" charge of $0.004 for the brief call he answered. (Am. Compl. ¶¶ 32-33.)

Based on these facts, on November 4, 2022 Plaintiff filed this action against Defendant MCDC for violation of the TCPA. Defendant MCDC filed a timely Motion to Dismiss on December 28, 2022. On January 12, 2023, Plaintiff filed his Amended Complaint, adding Montco Victory and Joseph Foster as defendants in addition to Defendant MCDC. For the reasons stated herein, Defendant MCDC respectfully requests this Amended Complaint be dismissed with prejudice.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides grounds for dismissal of a complaint for failure to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6). To survive a motion to dismiss, the Complaint must allege "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 571 (2007). While the Court must accept as true the "well-pleaded facts" in the Complaint, the Court "may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Indeed, "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 210 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *see also Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) ("a formulaic recitation of the elements of a cause of action will not do") (internal citations omitted).

To bring a claim under Section 227(b) of the TCPA, Plaintiff must adequately plead the following: (1) Defendant called a cellular or other qualifying telephone number; (2) the call was placed using an automated telephone dialing system ("ATDS"); and (3) the call was made without the consent of Plaintiff. *See* 47 U.S.C. § 227(b); *see also Camunas v. National Republical Senatorial Committee*, 570 F.Supp.3d 288, 293 (E.D. Pa. 2021). For the reasons stated below, Plaintiff fails to plead two of the three elements.

## ARGUMENT

**A. The Amended Complaint Fails To Adequately Allege That The Call(s) Came From MCDC.**

Plaintiff fails to plead facts sufficient to support that it was MCDC who called, or authorized the call to, Plaintiff. Plaintiff alleges that the service provider for the telephone number that called him is company called Twilio. (Am. Compl. ¶ 36.) From there, Plaintiff

makes the leap to conclusorily allege that Defendants collectively, or at the direction of Defendant MCDC, called Plaintiff. Plaintiff does not allege that Defendant MCDC has any relationship at all to Twilio. Plaintiff does not allege that Defendant MCDC authorized the caller, identified as "Laryssa," to make the call on their behalf. Plaintiff does not allege that the caller was an agent or employee of MCDC, or any of the defendants. Nor does Plaintiff allege that the phone number that called him is associated with MCDC, or any of the defendants.

At most, Plaintiff alleges that the caller was "with 'the Montgomery County Democrats,'" though even this allegation is unclear. (Am. Compl. ¶ 42.) Nevertheless, such an allegation, on its own, is insufficient to meet Plaintiff's burden. *See Smith v. Direct Building Supplies, LLC* No. 20-3583, 2021 WL 4623275, at *3 (E.D. Pa. Oct. 7, 2021) ("The sole factual allegation linking Defendant to the calls is that the caller identified himself as associated with Defendant **which is insufficient** under the *Iqbal* pleading standards.") (citations omitted). Accordingly, Plaintiff has not pled sufficient facts that MCDC placed the call(s) or directed someone else to place the call(s) to survive a motion to dismiss and the Court should grant Defendant's Motion.

**B. The Amended Complaint Fails To Adequately Allege That The Call(s) To Plaintiff Were Made Using An Automatic Telephone Dialing System As Proscribed By The TCPA.**

Plaintiff's Amended Complaint fails for the additional and independent reason that he fails to plead facts sufficient to allege that the calls to him were placed using a prohibited ATDS. Plaintiff alleges that MCDC violated the TCPA by placing call(s) to his telephone using ATDS prohibited by the TCPA. Plaintiff claims that the calls were made using a prohibited ATDS because the caller made two prior calls and did not leave a voicemail and then on the third call, when Plaintiff answered, there was a significant pause between when he answered and the caller began to speak. (Am. Compl. ¶¶ 39-41.) Plaintiff also claims that the calls were placed using a

prohibited ATDS because the calls were from a number serviced by "a computerized platform designed for making high volumes of automated, sequential or random calls." (Am. Compl. ¶ 53.) However, even accepting these facts as true, and even if the calls were placed using a software dialing program, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

Plaintiff premises this entire litigation on a fundamental misunderstanding of the TCPA—that it broadly prohibits an organization from using any computer program or software (rather than a human) to dial telephone numbers. This interpretation of the TCPA has been rejected by the United States Supreme Court in *Facebook* and its progeny. Although Congress passed the TCPA in 1991 "to address 'the proliferation of intrusive nuisance calls' to consumers and businesses from telemarketers," *Facebook*, 141 S.Ct. at 1167 (citing 47 U.S.C. § 227), since its inception, Congress and the Courts have been clear that the purpose of the TCPA is not to make **all** unwanted or unsolicited calls illegal. *Panzarella v. Navient Solutions*, 37 F.4th 867, 879 (3d Cir. 2022). To strike this balance, the TCPA makes it unlawful to make telephone calls "using any automatic telephone dialing system" ("ATDS"). 47 U.S.C. § 227(b). For years, Courts differed in their interpretation of how narrowly or broadly an ATDS should be defined. However, in 2021, the United States Supreme Court confirmed that a narrower approach should be taken and that to qualify as using an ATDS, "in all cases, whether storing or producing numbers to be called, the equipment in question must use a random or sequential number generator." *Facebook*, 141 S.Ct. at 1170. The Third Circuit recently affirmed that this definition strikes the balance Congress intended. *Panzarella*, 37 F.4th at 880-81.

In fact, the Third Circuit in *Panzarella* provided a simple hypothetical to illustrate the type of dialing systems that are permitted and prohibited under the TCPA:

> A simple hypothetical illustrates how sections 227(a)(1) and 227(b)(1)(A) work together. Imagine Junk Call Corp. employs a dialing system with a switch that allows Junk Call to make calls in one of two modes: "automatic," in which the system dials random or sequential telephone numbers, and "list," in which the system dials the telephone numbers imported from Junk Call's customer list. This dialing system qualifies as an ATDS because it has the present capacity to produce random telephone numbers and then dial them. *See Dominguez*, 894 F.3d at 119-20, 120 n.23. A broad construction of "using any [ATDS]" (i.e., section 227(b)(1)(A) prohibits any call made with the assistance of an ATDS) would mean that Junk Call would violate the TCPA when it conducts calling campaigns in either automatic mode or list mode. Under the narrower construction (i.e., section 227(b)(1)(A) proscribes calls that employ an ATDS's capacity to generate random or sequential numbers), Junk Call's automatic-mode calls alone would give rise to TCPA liability.

*Panzarella*, 37 F.4th at 881. The Third Circuit held that "[o]nly the latter reading gives effect to Congress's intent in enacting the TCPA" because "automatic-mode calls, but not list-mode calls, threaten to harm the TCPA targets—telemarketing 'that risks dialing emergency lines randomly or tying up all the sequentially numbered lines at a single entity.'" *Id.* (quoting *Facebook*, 141 S.Ct. at 1171).

Plaintiff cites the first half of the *Panzarella* opinion in his Amended Complaint, but he does not direct the Court to its holding, which states clearly:

> Thus, we hold that, for a call to violate [the TCPA], that call musts employ either an ATDS's capacity to use a random or sequential number generator to produce telephone numbers to be dialed or its capacity to use a random or sequential number generator to store telephone numbers to be dialed. Here, the Panzarellas' claims fail because the record establishes that Navient did not rely on random- or sequential- number generation when it called them . . . Instead, it selected a dialing campaign's potential targets from 'specific, curated borrower lists.'

*Id.* at 881-882. This is where the distinction is—the TCPA does not prohibit calls made using software that dials numbers from a curated list. *Id.* Like the system in *Facebook*, which "sent targeted, individualized texts to numbers linked to specific accounts," and *Panzarella*, which

"selected a dialing campaign's potential targets from specific, curated borrower lists . . . [that] contained contact information drawn from [an] internal database of account information rather than computer-generated number tables," the system that Plaintiff alleges was used here is not an ATDS proscribed by the TCPA. *Facebook*, 141 S.Ct. at 1168; *Panzarella*, 37 F.4th at 882.

Plaintiff alleges in the Amended Complaint that he was individually targeted as a voter registered in Montgomery County and that the caller knew him by name. (Am. Compl. ¶ 42.) Indeed, Plaintiff alleges that the caller specifically "was looking for 'Andrew,'" which is Plaintiff's first name, and that she was encouraging him to vote for democratic candidates in Montgomery County, which is the county where Plaintiff is registered to vote. (*Id.*) Plaintiff's Amended Complaint wrongly claims that just because Plaintiff "is not a liberal leftwinger, a Democrat, nor interested in anything to do with them," the calls must have been made using a prohibited ATDS rather than from a list of individuals registered to vote in Montgomery County. (Am. Compl. ¶ 56.) Plaintiff is mistaken. Given the specific information the caller had about Plaintiff (i.e., his name and where he votes), it is clear that, even assuming the facts alleged in the Amended Complaint are true, the call was made from a list of registered voters and not a program that was randomly generating phone numbers.

With these allegations, the Amended Complaint on its face alleges that the call was not made using a system that produced random or sequential numbers as prohibited by the TCPA, but rather was made using a system that produced calls from a list of Montgomery County registered voters. Accordingly, even accepting as true Plaintiff's allegations, the Amended Complaint fails to state a claim upon which relief can be granted because it fails to allege the use of an ATDS as defined by *Facebook* and its progeny. This defect cannot be cured as the precedent in this Circuit is clear that a targeted call to a particular individual from a curated list

8

of telephone numbers, even if made by a dialing system, does not qualify as using an ATDS proscribed by the TCPA. The Amended Complaint, therefore, should be dismissed with prejudice.

## **CONCLUSION**

For the reasons discussed above, Defendant MCDC respectfully requests that the Court grant their Motion to Dismiss and dismiss all claims against them with prejudice.

Dated: January 24, 2023    Respectfully submitted,

THE LAW OFFICE OF MICHAEL J. D'ANIELLO

By: /s/ Janine D'Aniello Martin
janine@daniellolaw.com
509 Swede Street
Norristown, PA 19490
Tel: 610-270-8800
Fax: 610-270-0503

*Attorneys for Defendant*