THE LAW OFFICE OF MICHAEL J. D'ANIELLO
BY: JANINE D. MARTIN, ESQUIRE (307224)
509 SWEDE STREET
NORRISTOWN, PENNSYLVANIA 19401
(610) 270-8800  ATTORNEYS FOR DEFENDANTS

___

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG, | : |
|         Plaintiff | : |
| v. | : No. 2:22-CV-04475-MSG |
| MONTGOMERY COUNTY DEMOCRATIC COMMITTEE, | : |
| MONTCO VICTORY, | : |
|         and | : |
| JOSEPH FOSTER | : |
|         Defendants | : |

___

**DEFENDANTS MONCTO VICTORY AND JOSEPH FOSTER'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants Montco Victory and Joseph Foster, by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b), hereby file this brief in support of their Motion to Dismiss the Amended Complaint filed by Plaintiff Andrew R. Perrong. Defendants Montco Victory and Joseph Foster join the Motion to Dismiss filed by Defendant Montgomery County Democratic Committee on January 24, 2023 at docket entry no. 11 ("MCDC Motion") and submits these brief arguments in support of and as a supplement to the MCDC Motion.

For the same two reasons Plaintiff failed to state a claim against Defendant MCDC, Plaintiff has failed to state a claim against Defendants Montco Victory and Joseph Foster: (1) Plaintiff has not pleaded that Montco Victory or Joseph Foster placed the calls to his phone

and (2) Plaintiff has failed to adequately plead that the calls were generated from a prohibited Automatic Telephone Dialing System as defined by the United States Supreme Court in *Facebook v. Duguid*, 141 S.Ct. 1163 (2021).

**Supplemental Argument**

First, Plaintiff fails to plead facts sufficient to support that it was Montco Victory or Joseph Foster who called, or authorized the call to, Plaintiff. Plaintiff alleges that the service provider for the telephone number that called him is company called Twilio. (Am. Compl. ¶ 36.) From there, Plaintiff makes the leap to conclusorily allege that Defendants called Plaintiff. Plaintiff does not allege that Defendants Montco Victory or Joseph Foster have any relationship at all to Twilio. Plaintiff does not allege that Defendants Montco Victory or Joseph Foster authorized the caller, identified as "Laryssa," to make the call on their behalf. Plaintiff does not allege that the caller was an agent or employee of any of the defendants. Nor does Plaintiff allege that the phone number that called him is associated with any of the defendants. At most, Plaintiff alleges that the caller was "with 'the Montgomery County Democrats'" and that the call was "paid for by the Montco Victory." (Am. Compl. ¶¶ 42-43.) Nevertheless, these allegations, on their own, are insufficient to meet Plaintiff's burden. *See Smith v. Direct Building Supplies, LLC* No. 20-3583, 2021 WL 4623275, at *3 (E.D. Pa. Oct. 7, 2021) ("The sole factual allegation linking Defendant to the calls is that the caller identified himself as associated with Defendant ***which is insufficient*** under the *Iqbal* pleading standards.") (citations omitted).

Second, and most importantly, Plaintiff fails to adequately allege that the calls placed to his telephone were made using an Automatic Telephone Dialing System prohibited by the Telephone Consumer Protection Act of 1991 ("TCPA"). The Amended Complaint makes clear that the caller intended to call Plaintiff (as she requested him by name) because he was a voter

2

registered in Montgomery County, Pennsylvania. (Am. Compl. ¶ 42.) As explained in great detail in the MCDC Motion, in order for the call to be prohibited under the TCPA, "the equipment in question **must use a random or sequential number generator**." *Facebook*, 141 S.Ct. at 1170. The Third Circuit confirmed this requirement and held that calls made from a curated list of phone numbers, such as a list of Montgomery County registered voters, do not violate the TCPA. *Panzarella v. Navient Solutions*, 37 F.4th 867, 881 (3d Cir. 2022).

Accordingly, even if Plaintiff has or can sufficiently allege that Defendants made the alleged calls, he cannot allege that those calls violate the TCPA as the Amended Complaint on its fact makes clear the calls were made to Plaintiff specifically because he was registered to vote in Montgomery County.

## **CONCLUSION**

For the reasons discussed above and in the MCDC Motion, Defendants Montco Victory and Joseph Foster respectfully request that the Court grant their Motion to Dismiss and dismiss all claims against them with prejudice.

Dated: March 14, 2023            Respectfully submitted,

THE LAW OFFICE OF MICHAEL J. D'ANIELLO

By: /s/ Janine D'Aniello Martin
janine@daniellolaw.com
509 Swede Street
Norristown, PA 19490
Tel: 610-270-8800
Fax: 610-270-0503

*Attorneys for Defendants*